**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50180 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-01201-ODW-49 |
| v. | |
| ISMAEL RIVERA, AKA Yo-Yo, | MEMORANDUM[*] |
| Defendant - Appellant, | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer,District Judges, Presiding
Otis D. Wright, District Judge, Presiding

Argued and Submitted April 12, 2013
Pasadena, California

Before: BERZON and TALLMAN, Circuit Judges, and
ROSENTHAL, District Judge.[**]

**1.** Rivera contends that there was no independent factual basis for his guilty

plea, *see* Fed. R. Crim. P. 11(b)(3), and that the district court failed to determine

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Lee H. Rosenthal, District Judge for the U.S. District
Court for the Southern District of Texas, sitting by designation.

that he understood the nature of the charge, *see* Fed. R. Crim. P. 11(b)(1)(G).

Because Rivera did not make these objections before the district court, we review

his Rule 11 claims for plain error. *United States v. Escamilla-Rojas*, 640 F.3d

1055, 1061 (9th Cir. 2011).

Both contentions lack merit. Judge Fischer conducted a lengthy Rule 11

colloquy in which she took numerous steps to verify Rivera's understanding of the

charge, and the plea was supported by an independent factual basis. At the time of

the plea, the record included a signed plea agreement in which Rivera stipulated to

the government's presentation of the facts, and Rivera again assented to those facts

under oath during the change-of-plea hearing. *See United States v. Mancinas-

Flores*, 588 F.3d 677, 682 (9th Cir. 2009); *United States v. Timbana*, 222 F.3d 688,

703 (9th Cir. 2000).

Moreover, Rivera has not made any showing, including his own

representation, that "but for the [alleged] error[s], he would not have entered the

plea," as required on plain error review in the Rule 11 context. *United States v.

Dominguez Benitez*, 542 U.S. 74, 83 (2004).

**2.** Rivera also contends that Judge Wright plainly erred in failing sua sponte

to conduct a competency evaluation once he received sentencing submissions,

including a psychological report, that indicated Rivera has cognitive and memory impairments.

When evaluating a district court's failure sua sponte to evaluate the defendant's competency, we consider whether "the evidence of incompetence was such that a reasonable judge would be expected to experience a genuine doubt respecting the defendant's competence." *United States v. Dreyer*, No. 10-50631, slip op. at 20-21 (9th Cir. Jan. 7, 2013) (internal quotation marks omitted). Here, the district court did not have any evidence tending to raise doubts about Rivera's competency prior to sentencing, and the evidence submitted at sentencing did not rise to a level obligating the district court to conduct a sua sponte competency evaluation. The sentencing submissions that suggested that Rivera has cognitive difficulties did not purport to evaluate his *legal* competency; Rivera's attorney repeatedly assured the sentencing court that Rivera was legally competent; and Rivera participated meaningfully in the sentencing allocution by giving a prepared statement.

**AFFIRMED.**